NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 31 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS NUNEZ-GOMEZ, | No.    17-71149 |
| Petitioner, | Agency No. A095-806-911 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 29, 2022**
Seattle, Washington

Before:  HAWKINS, McKEOWN, and TALLMAN, Circuit Judges.

Luis Nunez-Gomez, a native and citizen of Mexico, petitions for review of a

decision by the Board of Immigration Appeals ("BIA") dismissing his appeal from

the immigration judge's ("IJ") denial of his applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review the agency's "legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted). We have jurisdiction under 8 U.S.C. § 1252 and dismiss in part and deny in part the petition.

Nunez-Gomez has waived his challenge to the agency's denial of his asylum application by failing to challenge the agency's determination, pursuant to 8 U.S.C. § 1158(a)(2)(B), that his application was time barred. *Aguilar-Ramos v. Holder*, 594 F.3d 701, 703 nn.1–2 (9th Cir. 2010).

The agency permissibly denied Nunez-Gomez's application for withholding because substantial evidence supports the agency's conclusion that Nunez-Gomez failed to establish past persecution or a clear probability of future persecution. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987). Nunez-Gomez testified that the Zapatistas never threatened or harmed him, and he admitted that he does not know the identity of the men who possibly burned down his cabin.[1] Nunez-Gomez's fears of future persecution are all tied to his local community in Mexico and the record does not compel the conclusion that he could not reasonably relocate to another part of Mexico to avoid harm. 8 C.F.R. § 1208.16(b)(2).

---

[1] We lack jurisdiction to consider Nunez-Gomez's argument that he was persecuted on account of his membership in a particular social group of "individuals that suffered domestic violence and w[ere] not able to flee" because he failed to raise this argument before the BIA. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

The agency permissibly denied Nunez-Gomez's application for CAT relief because the record does not compel the conclusion that it is more likely than not that he will be tortured by or with the consent or acquiescence of the government if returned to Mexico.  *See Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011).

**DISMISSED IN PART AND DENIED IN PART.**